The judgment of the court was pronounced by
Rost, J.
This is an opposition by the universal legatee of the testator to the account filed by his executors.
The first ground of opposition is, that the testator, shortly before his death, paid over and entrusted to A. Pardo, one of his executors, as a donation to, and in trust for, his natural daughter, Marie Louise Macarty, large sums of money which Pardo promised to invest for her benefit and use; that he is the tutor of Marie Louise Marcarty; and that either in that or in his personal capacity he is in possession of, or withholds those sums; that the funds and notes thus delivered aie a jidei commissum, and as such, null and void.
To pi'ove the facts upon which this opposition rests, the opponent propounds to Pardo interrogatories, which he answered. In his answers, which have not been traversed, he states that he received from Macarty, before he made his will, various notes of hand of different persons, amounting to over $24,000 ; that Macarty was at that time indebted to him in the sum of $6,000, and gave him the remainder of the amount as a remuneration for the numerous services he had rendered him since 1832 ; and that he holds that sum in his own right without any obligation or intention to account for it, or to pay it over to any one.
The opponent takes those answers as true, and asks under her prayer for general relief, that Pardo be made to account for the balance in his hands after satisfying his own debt, on the ground, that he never rendered any services to the testator, and that the donation is void for defects of form.
The district court, considering this an attempt to engraft upon an account rendered by two executors, a distinct litigation concerning only one of them, in his individual capacity, dismissed the opposition, reserving the right of the oppo-4 nent to proceed against Pardo in a direct action.
We are unable to perceive what other disposition could have been made of it. The questions presented by this new issue involve matters in pays which Pardo lias the right to have tried before a jury, if he chooses to do so. He cannot be compelled to litigate them summarily, in a rendition of accounts. Taking, as we must, his answers to be true, he is not to account for the sums claimed, in his capacity of executor; if, by reason of defects of form, or of want of consideration, the opponent has any right in those sums, she must exercise that *435 right in an ordinary action. Chambliss v. Atchison, 2d Ann. 488. Bank of Louisiana v. Delery, 2d Ann. 648.
The next ground of opposition is, that L. B. Macarty made in his lifetime, to Eugenie Gomez, his concubine and the mother of Marie Louise Macarty, several donations of money and moveables amounting together to $21,425 35; that by law he was permitted to bequeath to his natural daughter only one fourth of his estate; and that, as he has done so, he was bound to leave the remainder of his estate to the opponent, who was his nearest relative; and that the amount donated to Eugenie Gomez must be fictitiously collated and deducted from the fourth of the estate bequeathed to Marie Louise Macarty.
This claim of the opponent is resisted, on the ground that the mother, in such a case, is not a person interposed; and further, that Marie Louise Macarty is entitled to receive the fourth of the property of which Macarty died possessed, and that if the opponent has any claim she must exercise it against the donee herself. This opposition was also dismissed by the district court.
In the case of Compton et al. v. Prescott et al., the testator had given to his natural children a plantation and slaves ; the heirs at law brought suit to annul this disposition, on the ground that the children were by law presumed to be persons interposed to their mother, the concubine of the testator, who was incapable of receiving from him land and slaves, by will or donation. But the court held that the common children .of the parties should not be presumed to be persons interposed; and that if they were so, the fact must be shown. Compton et al. v. Prescott, 12 R. R. 57.
It appears to us, that the same rule ought to hold good with respect to the mother; and that, as she has capacity to receive, in money or movables, one tenth of the value of the succession, she ought not to be presumed a person interposed between the donor and their common children. At the time the donations were made to her, the donations mentioned by the testator in his will were also made to her daughter. The amount of the donations to both did no.t then exceed one fourth of the donor’s estate; and if he had made no further disposition in his will, the donations to his .mother and child .could not have been contested on the ground that either of them was a person interposed. Both donations would, in that case, have been valid. The subsequent disposition of the testator, that his daughter should receive one fourth of the estate he should leave at his death, after deducting the estimated value of the property previously given to her, cannot make the mother a person interposed if she was not so before. Under art. 141.7 C. C., her legacy may be affected by that disposition; but this is a matter we cannot determine in this suit, Eugenie Gomez not having been made a party to the proceeding, nor do we think that it ought to impede the settlement of the succession, or that she ought to be compelled to litigate her rights summarily.
Marie Louise Macarty is entitled to one fourth of the assets ; and the opponent to the remaining three fourths. The receipt of these amounts and the discharge of the executors, will not preclude their right to claims not included in the inventory and not administex'ed upon.
The last gi-ound of opposition is, that the executox-s are entitled to no commission on the sum of $28,100, this being the estimated value of the property given by the testator to his daughter in his lifetime.
The will provides, that the property px’eviously donated to Marie Louise Macarty, shall be included in the fourth of the succession which she is to receive, and dii'ects the excutors to have it appraised contradictorily with the opponent, *436 and to take that appraisement at its value, for the purpose of ascertaning the balance coming to her.
The title to this property remained in Marie Louise Macarty. The executors never had the seizin of it, nor was it included in the inventory. "We are of opinion, that commissions were improperly charged on the amount of the appraisement.
It is therefore ordered, that the judgment in this case be amended; and that the sum of $702 50 be deducted from the amount of commissions charged by the executors in their account. It is further ordered, that the judgment, as amended, be affirmed ; the costs of the district court to be paid by the opponent, and those of this appeal by the appellees.